UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

DERRICK LEE SMITH #267009,

    Plaintiff,

v

MICHIGAN STATE POLICE DEPARTMENT, PATRICIA PENMAN, JOE NORMANDIN, UNKNOWN HEATHERING, UNKNOWN DAVIS, UNKNOWN JARAMILLO, DALE BONN, CAVAN BERRY (AKA CAVAN BARRY), UNKNOWN PARTY,

    Defendants.

No. 25-823

HON. PAUL L. MALONEY

MAG. MAARTEN VERMAAT

---

| | |
|---|---|
| Derrick Lee Smith #267009<br>In Pro Per<br>Ionia Correctional Facility<br>1576 W. Bluewater Highway<br>Ionia, MI  48846 | Mary A. Waddell (P70545)<br>Assistant Attorney General<br>Attorney for Defendant Normandin<br>State Operations Division<br>P.O. Box 30754<br>Lansing, MI  48909<br>517.335.7573<br>waddellm1@michigan.gov |

/

# BRIEF IN SUPPORT OF DEFENDANT NORMANDIN'S MOTION TO DISMISS UNDER FED. R. CIV. P. 12(B)(1) AND (6)

    Respectfully submitted,

    Mary A. Waddell
    Assistant Attorney General
    Attorney for Defendant Normandin
    MI Dep't of Attorney General
    State Operations Division
    P.O. Box 30754
    Lansing, MI  48909
    517.335.7573
    waddellm1@michigan.gov

Dated:  September 10, 2025     P70545

# CONCISE STATEMENT OF ISSUES PRESENTED

1. State officials sued in their official capacities are immune from suit in federal court under the Eleventh Amendment. Here, the complaint alleges that the Defendants are being sued in their official capacities. Is Defendant Normandin immune?

2. To state a clam under Fed. R. Civ. P. 12(b)(6), a complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face. The facts alleged in the complaint do not give rise to a claim for relief above the speculative level. Has Smith failed to state a claim?

# CONTROLLING OR MOST APPROPRIATE AUTHORITY

<u>*Authority*</u>:

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

*Hudson v. Palmer*, 468 U.S. 517 (1984).

**STATEMENT OF FACTS**

Plaintiff Derrick Lee Smith is a prisoner incarcerated with the Michigan Department of Corrections at the Ionia Correctional Facility (ICF).[1] He alleges on July 18, 2025, he notified the "Defendants" that Defendant Penman had hired inmate Vincent Smothers to execute Smith, and Smith wanted to file a police report. (ECF No. 1, PageID.2.) Three days prior, on July 15, 2025, Smith was directed to report to the ICF control center. (*Id.*) After waiting 30 minutes, Smith was then told by two "State Troopers" that they were executing a search warrant for his property. (*Id.*) Smith alleges he was not provided with the search warrant at that time and was not allowed to be present during the search. (*Id.*) He contends that he was forced to remain in a locked room for three hours during the search. (*Id.*) Smith alleges that his documents were seized "in an attempt to see if this Plaintiff [p]aid Mr. Smothers to [l]ie and say Patricia Penman hired him to frame [Plaintiff]." (*Id.*) Smith alleges that the only reason for the alleged illegal search was to cover up Defendant Penman's activity. (*Id.*) Smith is suing the Defendants in their individual and official capacities and is seeking the return of his property and $100 million dollars. (*Id.*, PageID.1.) Smith alleges that the search warrant was unlawful because it misidentified his cell. (*Id.*, PageID.3.) Despite being identified as a Defendant, the complaint does not contain any specific allegations regarding Defendant Normandin. (ECF No. 1, PageID.1-4.)

---

[1] Smith is also an enjoined filer in the Eastern District of Michigan. *Cardello-Smith v. Combs,* No. 24-cv-12647, 2025 U.S. Dist. LEXIS 135000, 2025 WL 1951722, at *7-12 (E.D. Mich. June 30, 2025).

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) authorizes a court to dismiss a claim for relief in any pleading if the claim "fail[s] to state a claim upon which relief can be granted[.]" To survive a Fed. R. Civ. P. 12(b)(6) motion to dismiss, a claim's "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). However, this assumption that all the complaint's allegations are true does not apply to legal conclusions or to legal conclusions cloaked as fact. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

# ARGUMENT

## I. The Eleventh Amendment bars Smith's official capacity claim against Defendant Normandin.

As a threshold matter, to the extent Smith's claim is alleged against Defendant Normandin in his official capacity, that claim is barred by sovereign immunity. It is axiomatic that States and their agencies are immune from suit under the Eleventh Amendment to the Constitution. This immunity from suit "is a fundamental aspect of the sovereignty which the States enjoyed before the ratification of the Constitution, and which they retain today. . . ." *Northern Ins. Co. v. Chatham County*, 547 U.S. 189, 193 (2006), (quoting *Alden v. Maine*, 527 U.S. 706, 713 (1999)). Further, States are not persons under 42 U.S.C. §1983 such that "it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties." *Will v. Dept of State Police*, 491 U.S. 58, 66 (1989).

That immunity extends to state officials sued in their official capacity. Indeed, "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself." *Id*. at 71. (internal quotations and citations omitted). Accordingly, Smith's claim against Defendant Normandin in his official capacity is barred by the Eleventh Amendment and should be dismissed.

## II. Smith's claim is subject to dismissal under Fed. R. Civ. P. 12(b)(6).

To the extent that Smith's claim is alleged against Defendant Normandin in his individual capacity, that claim should also be dismissed for failure to state a claim. To survive a motion to dismiss, a complaint must contain sufficient factual allegations, which, if accepted as true, would "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The first part of this prerequisite to maintain a claim requires the plaintiff to articulate *facts*; "label(s) and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555, (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The plaintiff must allege factual allegations that "raise a right to relief above the speculative level" and that are not just "naked assertions." *Id.* at 555, 557 (internal citation omitted). The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), (quoting *Twombly*, 550 U.S. at 555). Indeed, the federal rules of pleading do not "unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.* at 678-679.

Along with alleging sufficient facts, a plaintiff must also state a legal claim that is "plausible on its face." *Twombly*, 550 U.S. at 556. The Supreme Court clarified the concept of "plausibility" in *Iqbal*. It explained that a claim will only survive a motion to dismiss where "the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678, citing *Twombly*, 550 U.S. at 556. This standard "is not akin to a 'probability requirements,'" but instead "asks for more

than a sheer possibility that a defendant has acted unlawfully." *Id.* Notably, "[w]here a complaint pleads facts that are 'merely consistent with' a defendant's liability," the complaint "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.*, (quoting *Twombly*, 550 U.S. at 557). For this reason, while a plaintiff's factual allegations must be "assumed to be true, [they] must do more than create speculation or suspicion of a legally cognizable cause of action; they must show entitlement to relief." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007), (citing *Twombly*, 550 U.S. at 555). Here, Smith's complaint fails to meet even these minimum pleading standards.

### A. Smith has not alleged a cognizable claim under 42 U.S.C. § 1983.

Smith's complaint is not the model of clarity, but reading the complaint indulgently, it appears the crux of Smith's claim appears to be an unlawful search and seizure claim brought pursuant to 42 U.S.C. § 1983 arising from the search of his prison cell and seizure of documents. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). However, because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). Here, Smith's complaint makes a cursory reference to an "unlawful search" which suggests that he is attempting to bring a claim under the Fourth Amendment which protects "[t]he

5

right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. IV; see also, *Graham v. Connor,* 490 U.S. 386, 395 (1989) (Unlawful search and seizure challenges are properly analyzed under the Fourth Amendment's reasonableness standard.) A plaintiff alleging a wrongful search in violation of the Fourth Amendment must demonstrate that defendants failed to observe the applicable requirements for probable cause and a warrant, and that plaintiff had a legitimate expectation of privacy in the place or thing searched. *See United States v. Barry*, 673 F.2d 912, 916 (6th Cir. 1982). Specifically, to assert a Fourth Amendment violation arising from the search of a residence, "a person must have a subjective expectation of privacy in the premises searched." *United States v. Ponder*, 240 Fed. App'x 17, 19 (6th Cir. 2007) (citing *Minnesota v. Olson*, 495 U.S. 91, 95 (1990)). Further, such expectation of privacy must be reasonable. *United States v. Pollard*, 215 F.3d 643, 647 (6th Cir. 2000) (quoting *Rakas v. Illinois*, 439 U.S. 128, (1978)).

But, in *Hudson v. Palmer*, 468 U.S. 517, 526 (1984), the Supreme Court addressed the question of whether an inmate has a reasonable expectation of privacy in his prison cell that fell within the protections of the Fourth Amendment and held that there was no such expectation. *Id*. Because Smith has no protected privacy right in his prison cell, he fails to state a claim under the Fourth Amendment for the search and confiscation of the materials in his cell. Thus, the claim must be dismissed.

6

**B. Smith does not allege that Defendant Normandin conducted an unlawful search or seizure.**

Moreover, even if the Fourth Amendment *did* apply, Smith's claim still fails. As noted previously, to state a viable § 1983 claim, a plaintiff must show that a person acting under color of state law deprived him of a right secured by the Constitution or laws of the United States. *See Miller v. Calhoun Cty*, 408 F.3d 803, 812 (6th Cir. 2005). Accordingly, "[e]ach defendant's liability must be assessed individually based on his own actions." *Binay v. Bettendorf*, 601 F.3d 640, 650 (6th Cir. 2010) (citations omitted). To establish liability, a plaintiff "must show that the defendant was personally involved" in the complained-of conduct. *Burley v. Gagacki*, 729 F.3d 610, 619 (6th Cir. 2013) (quotation marks omitted). The Sixth Circuit "has consistently held that damage claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what each defendant did to violate the asserted constitutional right." *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008) (internal citations omitted). Where a complaint names a person as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to pro se complaints. *See Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing the plaintiff's claims where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights). To state a claim for relief under the Fourth Amendment, Smith must allege facts showing that Defendant Normandin's actions (1) constituted a

7

"search" or "seizure" within the meaning of the Fourth Amendment, and (2) were "unreasonable" in light of the surrounding circumstances. *See, e.g., Brower v. County of Inyo*, 489 U.S. 593, 595–600 (1989).

Here, fatally, Smith makes no such allegations against Defendant Normandin. Indeed, there is no allegation that Defendant Normandin himself even searched Smith's cell or seized any of Smith's property. In fact, there is no allegation that even identifies Defendant Normandin. Accordingly, Smith has failed to state a claim and the claim against Defendant Normandin must be dismissed.

Further, even accepting the allegations as true, the search was reasonable. Smith concedes the warrant was issued by was issued by a magistrate judge, which is the clearest indication that the officers acted in an obviously reasonable manner. *See United States v. Ross*, 456 U.S. 798, 823 n. 32 (1982) (stating that "a warrant issued by a magistrate normally suffices to establish" that a law enforcement officer has "acted in good faith in conducting the search"); *Stone v. Powell*, 428 U.S. 465, 498 (1976) (Burger, C. J., concurring) ("[once] the warrant issues, there is literally nothing more that the policeman can do in seeking to comply with the law"). Police officers are "entitled to rely on a judicially secured warrant for immunity from a § 1983 action for illegal search and seizure," unless (1) the officer knowingly made false statements and omissions to the judge such that the warrant would not have been otherwise issued or (2) it was unreasonable for the officer to believe in the existence of probable cause because "the warrant [was] so lacking in indicia of

probable cause." *Yancey v. Carroll Cty.*, 876 F.2d 1238, 1243–1244 (6th Cir. 1989) (citations omitted). Neither exception applies here. There is no allegation that probable cause was lacking.

Rather, Smith argues that the warrant was "invalid" because it authorized the search of "Cell 5." (PageID.3.)[2] But, he claims, he resides in Cell 1. The warrant that Smith attached to his complaint actually references cell 6-005. (ECF No. 1-1, PageID.7.) Accepting Smith's allegation as true that the search warrant misidentified the cell number does not render the search warrant invalid or unlawful. Indeed, an error in description does not automatically invalidate a search warrant. *United States v. Pelayo-Landero*, 285 F.3d 491, 495-496 (6th Cir. 2002). The test for determining whether a search warrant describes the location to be searched with sufficient particularity "is whether the description is such that the officers with a search warrant can with reasonable effort ascertain and identify the place intended." *United States v. Gahagan*, 865 F.2d 1490, 1496 (6th Cir. 1989) (citations omitted). Here, the search warrant provided in relevant part:

> The person, place, or thing to be searched is described as and is located at:
>
> *The cell belonging to Derrick Smith located within the Ionia Correctional Facility.* Specifically, 1576 W. Bluewater Hwy., City of Ionia, County of Ionia. The cell to be searched is located within the facility and described specifically as 6-005.

---

[2] In the same paragraph, Smith alleges that the search warrant authorized the search of Cell 6. (*Id.*)

9

(ECF No. 1-1, PageID.7.) (emphasis added.) The emphasized description alone is sufficient. Indeed, with reasonable effort, like asking the MDOC officials, an officer would be able to readily ascertain which cell was assigned to Derrick Smith. Here, on its face, the search warrant authorized the search of Derrick Smith's cell and by his own admission, Smith's cell was searched. The alleged misidentification of the cell number does not contravene the Fourth Amendment. *See United States v. Howard*, 621 F.3d 433, 456 (6th Cir. 2010) (considering misidentification of a residence as a "single parcel" when, in fact, the residence consisted of two mobile homes a "minor, technical inaccuracy"); *see also United States v. Durk*, 149 F.3d 464, 466 (6th Cir. 1998) (finding a warrant with a transposed house number and incorrect directional descriptor of "east" versus "west" but with otherwise accurate details valid); accord *United States v. Pelayo-Landero*, at 496-97 (6th Cir. 2002) (same). Accordingly, even if the Fourth Amendment did apply, Smith's claim fails and must be dismissed.

### III. Qualified immunity bars Smith's claim.

Even if the Fourth Amendment applied, to prevail on his claim, Smith must overcome the defense of qualified immunity. Courts employs a two-step analysis in determining whether a government official is entitled to qualified immunity: "(1) whether, considering the allegations in a light most favorable to the injured party, a constitutional right has been violated, and (2) whether that right was clearly established." *Estate of Carter v. City of Detroit*, 408 F.3d 305, 310–11 (6th Cir. 1997) (citation omitted). Courts may exercise their sound discretion in deciding

10

which of the two prongs should be addressed first in light of circumstances in the particular case at hand. *Pearson v. Callahan*, 555 U.S. 223, 236 (2009).

As explained previously, Smith has failed to state a viable Fourth Amendment claim. Accordingly, no constitutional right was violated. Moreover, no law has clearly established that it is a violation of the Fourth Amendment for an officer to execute a facially valid search warrant in a prison cell. Therefore, Defendant Normandin is entitled to qualified immunity and Smith's claims should be dismissed.

## CONCLUSION AND RELIEF REQUESTED

Defendant Normandin respectfully requests that the Court (1) grant this motion, (2) dismiss Plaintiff's claims in their entirety and (3) grant any other appropriate relief.

Respectfully submitted,

/s/ *Mary A. Waddell*
Mary A. Waddell
Assistant Attorney General
Attorney for Defendant Normandin
MI Dep't of Attorney General
State Operations Division
P.O. Box 30754
Lansing, MI 48909
517.335.7573
waddellm1@michigan.gov

Dated: September 10, 2025    P70545

# CERTIFICATE OF SERVICE

   I certify that on September 10, 2025, I electronically filed the foregoing papers with the Clerk of the Court using the ECF system, which will provide electronic copies to counsel of record, and I certify that my secretary has mailed by U.S. Postal Service the papers to any non-ECF participant:

Derrick Lee Smith #267009
Ionia Correctional Facility
1576 W. Bluewater Highway
Ionia, MI  48846

              /s/ *Mary A. Waddell*
              Mary A. Waddell
              Assistant Attorney General
              Attorney for Defendant Normandin

2025-0437586-B