UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DERRICK LEE CARDELLO-SMITH,  )
                           Plaintiff,  )
                                           )     No. 1:25-cv-823
-v-  )
                                           )     Honorable Paul L. Maloney
MICHIGAN STATE POLICE, *et al.*,  )
                          Defendants.  )
                                                  )

## ORDER DENYING MOTION FOR DEFAULT JUDGMENT

     Plaintiff submitted a document titled "Default Judgment Affidavit and Entry" (ECF No. 34). Plaintiff references Rule 55(a) and (b) and requests the clerk enter default. Plaintiff contends Defendant Cavan Berry is in default. The court has reviewed the document, the accompanying affidavit, and the proof of service on Defendant Berry. The court will deny Plaintiff's request for entry of default and or default judgment.

     One particular statement in the affidavit attached to the document caught the court's attention. Plaintiff contends "*Plaintiff* was served personally and in accordance with law by an agent assigned to sign and accept service for this defendant" (ECF No. 34-1 PageId.116 – emphasis added). For service to be proper, the defendant (not plaintiff) needs to be served with the summons and complaint. And either the defendant was served personally or the agent was served. Service on an agent does not constitute personal service on a defendant.

     Because of the confusing statement in the affidavit, the court examined the proof of service on Defendant Berry. As the court understands the situation, Defendant Cavan Berry is a magistrate judge in the 60th District Court in Muskegon, Michigan. He apparently signed

a warrant that Plaintiff refers to in his complaint. The proof of service filed by Plaintiff indicates that George Preston, who lives on the east side of Michigan in St. Clair County, delivered the summons to the 60th District Court in Muskegon, Michigan, on the west side of the state (ECF No. 33 PageID.112). Preston did not deliver the summons to Defendant Berry. Rather, he left the summons with Nancy Waters, who Preston describes as an agent designated by law to accept service for this defendant (*id.*). Preston also states that he mailed the summons and complaint to Berry at his last known address but does not provide that address (*id.*).

The court finds that Plaintiff has not properly served Defendant Berry. Under Rule 4(e) of the Federal Rules of Civil Procedure, individuals can be served by delivering the summons and complaint to them personally, by leaving a copy of the summons at the defendant's home with a person of suitable age who resides there, or by delivering a copy to an agent authorized to receive service of process. Fed. R. Civ. P. 4(e)(2). No one delivered the summons and complaint to Berry personally. No one left the summons and complaint at Berry's home.

Plaintiff did not properly serve Defendant through an agent. To the court's knowledge, Michigan law does not provide for an agent to accept service on behalf of a magistrate judge sued in his or her personal capacity. A county clerk might be able to accept service when a plaintiff sues a county. The court is aware that Nancy Waters was the Muskegon County Clerk, but she resigned in April 2023. Since May 2023, Karen Buie has been the Muskegon County Clerk.

The federal rules also permit service of process by following the relevant state rules for service on an individual.  Fed. R. Civ. P. 4(e)(1).  Michigan authorizes service on an individual by personal delivery.  Mich. R. Ct. 2.105(A)(1).  Michigan also authorizes service on an individual by registered or certified mail, with a return receipt and delivery restricted to that individual.  *Id.* 2.105(A)(2).  The rule requires a copy of the return receipt be signed by the defendant and attached as proof showing service.  *Id.* Preston has not indicated that he mailed the summons and complaint using registered or certified mail and restricted delivery.  No return receipt signed by Defendant Berry has been filed as proof of service.

Because the record does not show sufficient proof of service on Defendant Berry, the court **DENIES** Plaintiff's request for entry of default and or default judgment against Defendant Berry (ECF No. 34).  **IT IS SO ORDERED.**

Date:   September 19, 2025                                                   /s/ Paul L. Maloney
                                                                              Paul L. Maloney
                                                                              United States District Judge