UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DERRICK LEE CARDELLO-SMITH
#267009,

       Plaintiff,                             Case No. 1:25-cv-823

v.                                    Hon. Paul L. Maloney

MICHIGAN STATE POLICE
DEPARTMENT, *et al.*,

       Defendants.
_____/

## AMENDED MEMORANDUM OPINION

## AND

## AMENDED ORDER DISMISSING LAWSUIT AND IMPOSING SANCTIONS

Plaintiff Derrick Lee Cardello-Smith currently serves a lengthy term of imprisonment under the control of the Michigan Department of Corrections (MDOC).[1]  Proceeding without the assistance of counsel, Plaintiff has filed numerous civil lawsuits in both the Western and Eastern District of Michigan and in the state courts.  In this district, the court placed Plaintiff on the restricted filer list after finding that he filed three frivolous lawsuits (three-strike rule).  The Eastern District also imposed filing restrictions on Plaintiff.  Plaintiff avoided the filing restrictions in this case by paying the filing fee.  The court, nevertheless,

---

[1] MDOC identifies Plaintiff by the name Derrick Lee Smith and notes that Plaintiff uses multiple aliases.  The court uses the name Plaintiff provided in the caption for his complaint.

concludes this lawsuit is yet another frivolous action. The court will dismiss the lawsuit and impose additional sanctions on Plaintiff using its inherent authority.

In his complaint, Plaintiff alleges that Defendants conducted an illegal search of his prison cell. The court referred the action to the Magistrate Judge. The Magistrate Judge issued a report with recommendations that would resolve eighteen pending motions (ECF No. 117):

- Motions to dismiss by Defendants Joe Normandin, Michigan State Police (MSP), Cavan Berry, and Patricia Penman (ECF Nos. 30, 48, 53, and 87);

- Plaintiff's motions for injunctive relief (ECF Nos. 67, 76, 94, and 113);

- Plaintiff's motion for summary judgment (ECF No. 93);

- Plaintiff's search warrant motions (ECF Nos. 103, 104, and 110);

- Plaintiff's motions to compel documents, emails, phone records, and communications (ECF Nos. 81 and 92);

- Plaintiff's motions for entry of default and default judgment (ECF Nos. 42 and 58);

- Plaintiff's motion to dismiss Defendant Normandin's motion to dismiss (ECF No. 107); and

- Defendant Penman's request for sanctions (ECF No. 87).

The Magistrate Judge also recommends imposing sanctions on Plaintiff.

Three motions have been filed since the Magistrate Judge issued his report. On March 2, 2026, Plaintiff filed a motion for the voluntary dismissal of his claims with prejudice

2

(ECF No. 120).  On March 20, 2026, Plaintiff filed a motion for leave to file over-sized objections to the report and recommendation (ECF No. 127).  Finally, on April 23, 2026, a third party filed a motion to intervene as an interested party (ECF No. 131).

## A.

The court begins with Plaintiff's motion to voluntarily dismiss this lawsuit (ECF No. 120).  Plaintiff moves to dismiss this case with prejudice under Rule 41(a)(1) of the Federal Rules of Civil Procedure.  Defendants Berry, Normandin, and MSP support dismissal with prejudice.  Defendant Penman opposes dismissal, arguing that Plaintiff is using dismissal to avoid sanctions.

Under Rule 41 of the Federal Rules of Civil Procedure, plaintiffs may dismiss their cases without a court order by filing "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment."  Fed. R. Civ. P. 41(a)(1)(A)(i).  When a plaintiff files such a notice before an opposing party files an answer or motion for summary judgment, "the court has no discretion to deny such a dismissal."  *McCord v. Bd. of Educ. of Fleming Cnty*, No. 17-5548, 2018 WL 1724560, at *5 (6th Cir. Jan. 30, 2018).  Once a "plaintiff gives his notice, the lawsuit is no more."  *Aamot v. Kassel*, 1 F.3d 441, 444 (6th Cir. 1993).  The "dismissal is without prejudice" unless "the notice or stipulation states otherwise."  Fed. R. Civ. P. 41(a)(1)(B).  In his (proposed) objections to the report and recommendation, Plaintiff clarifies that he seeks dismissal of this lawsuit with prejudice (ECF No. 128 PageID.730).

Plaintiff's Rule 41(a) motion functions to dismiss this lawsuit.  The document meets the requirements for a Rule 41(a) notice.  Rule 41(a) notices dismissing a lawsuit are self-

executing and do not require judicial approval.  *Moses v. City of Perry*, 90 F.4th 501, 504 n. 1 (6th Cir. 2024) (citing *Exact Software North America, Inc. v. DeMoisey*, 718 F.3d 535, 540 (6th Cir. 2023)).   Plaintiff filed this motion before any of the defendants filed an answer or motion for summary judgment.  While Plaintiff did not state whether the case should be dismissed with or without prejudice, he clarifies that he wants the case dismissed with prejudice in a subsequent submission to the court.

B.

Although Plaintiff has dismissed this lawsuit, the court exercises its inherent authority and will impose sanctions on Plaintiff.  District courts have inherent authority to impose injunctive sanctions on prolific litigants who pursue vexatious and harassing lawsuits.  *Lipin v. Wisehart*, No. 24-3365, 2024 WL 567311 at *2 (6th Cir. Nov. 26, 2024) (citations omitted); *Sultaana v. Corrigan*, No. 20-3896, 2021 WL 7160160, at *5 (6th Cir. Sept. 9, 2021) (citations omitted); *Bonds v. Daley*, No. 18-5666, 2019 WL 2647494, at *3 (6th Cir. May 17, 2019) (citations omitted).  The court's inherent authority to impose sanctions continues even after voluntary dismissal of a lawsuit under Rule 41(a).  *Lipin*, 2024 WL 457311, at *3.  The Supreme Court has "consistently held that federal courts retain jurisdiction over issues—such as sanctions—that are collateral" to resolution of the merits of a lawsuit.  *Red Carpet Studios Div. of Source Advantage, Ltd. v. Sater*, 465 F.3d 642, 645 (6th Cir. 2006); *see Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384 (1990).

Courts have the authority to impose pre-filing restraints on litigants with a history of filing repetitive, frivolous, or vexatious pleadings and may require those litigants to obtain court approval before filing further pleadings.  *Qui v. Scott Cnty, Kentucky Bd. of Educ.*,

4

No. 23-5842, at *2 (6th Cir. Apr. 8, 2024) (citations omitted); *see Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 269 (6th Cir. 1998) ("There is nothing unusual about imposing prefiling restrictions in matters with a history of repetitive or vexatious litigation."). "While this court cannot absolutely foreclose an individual from initiating an action or pursuing an appeal in federal court, *Ortman v. Thomas*, 99 F.3d 807, 811 (6th Cir. 1996), the court may impose prefiling restrictions on an individual with a history of repetitive or vexatious litigation." *Shephard v. Marbley*, 23 F. App'x 491, 493 (6th Cir. 2001).

District courts have discretion to issue sanctions under their inherent authority. *First Bank of Marietta v. Hartford Underwriters Ins. Co.*, 307 F.3d 501, 517 (6th Cir. 2002). To use its inherent authority to impose sanctions, a court must find that the lawsuit or claim lacked merit and that the lawsuit or claim was filed for an improper purpose. *Id.* at 519. The Sixth Circuit instructs that the latter element requires bad faith or conduct tantamount to bad faith. *Id.* at 519.

Plaintiff has filed at least eighty civil actions in the Western District of Michigan dating back to 2010.[2] Plaintiff initiated approximately sixty of those actions starting in 2020. The Western District of Michigan has already documented Plaintiff's history of frivolous and vexation litigation. *See Smith v. Brock*, No. 1:22-cv-149, 2023 WL 11885731, at *1 (W.D. Mich. Feb. 27, 2023) (collecting cases, some of which were deemed "frivolous" or "duplicative"); *see also Smith v. Steward*, No. 1:21-cv-124, 2021 WL 457285, at *1 (W.D.

---

[2] Searching the Western District's CM-ECF system, the court located approximately thirty civil lawsuits identifying the plaintiff as an individual with the name "Derrick Smith" and with the MDOC number "267009." The court also located approximately fifty civil lawsuits identifying the petitioner as an individual with the name "Derrick Smith" and with the MDOC number "267009."

Mich. Feb. 9, 2021) ("Petitioner has filed many, many habeas corpus petitions in this Court and the United States District Court for the Eastern District of Michigan. Each of his prior petitions has been denied, dismissed, or transferred to the Sixth Circuit Court of Appeals as second and/or successive."). Judges in the Eastern District of Michigan reached the same conclusion. *See Preston v. Wayne Cnty. Prosecutor's Office*, No. 25cv12477, 2025 WL 2487774, at *1 (E.D. Mich. Aug, 28, 2025) (collecting cases). As result of his litigiousness, Plaintiff has been placed on the restricted filer list in the Western District of Michigan.

In addition, courts in the Western District and the Eastern District have found that Plaintiff submitted fabricated evidence in some of his lawsuits. *E.g., Smith v. Burk*, No. 1:19-CV-1018, 2022 WL 4395911, at *2 (W.D. Mich. Sept. 22, 2022) ("Plaintiff appears to have fabricated evidence."). In *Cardello-Smith v. Combs*, No. 24-CV-12647, 2025 WL 269167, at *7 (E.D. Mich. Jan. 22, 2025), Judge Judith Levy found that Plaintiff submitted multiple fabricated affidavits, including affidavits from a police officer and affidavits from the victims of the crimes for which he was convicted. *Id.* at *9-*10. Judge Levy also found that Plaintiff had submitted documents with fabricated notarizations. *Id.* at *10.

With this background, the court considers the allegations in this lawsuit and Plaintiff's conduct. Plaintiff pleads that the illegal search of his cell occurred to seize his legal papers and to cover up Defendant Penman's (a detective with the Wayne County Sheriff's Department) 2007 decision to hire a contract killer to execute Plaintiff and to frame Plaintiff for multiple sexual assaults. The conspiracy against Plaintiff dates back to 1997 when Sean Combs raped Plaintiff (ECF No. 23-1 PageID.75). This is not the first case lawsuit Plaintiff

has asserted claims related to this conspiracy.  *E.g., Combs*, No. 24-CV-12647, 2025 WL 269167, at*7 ("This order dismisses his third lawsuit against Mr. Combs.").

1.

Plaintiff's claims in this lawsuit lack merit.  In his report and recommendation, the Magistrate Judge explained why the court should dismiss the lawsuit.  Because prisoners do not have any expectation of privacy in their cells, the Fourth Amendment does not prohibit the search of a cell (ECF No. 117 R&R at 7-8 PageID.680-81).  The Magistrate Judge also pointed out many other issues that provide defenses for the different named defendants.  In addition, Plaintiff's litigation conduct has undermined the court's ability to expediently resolve the action.  As has occurred in most of his lawsuits, Plaintiff has filed multiple motions and notices that the Magistrate Judge and the undersigned have denied as unnecessary, baseless, repetitive, premature, or without merit (*e.g.*, ECF Nos. 9, 16, 28, 37, 44, 117).

2.

The record supports the conclusion that Plaintiff filed this lawsuit for an improper purpose.  Plaintiff has acted in bad faith.  This court has concerns that Plaintiff has filed fabricated evidence in this lawsuit.  In an emergency motion, Plaintiff attached a copy of a grievance related to his phone access along with what purports to be a signed response from Kurt Miller, the grievance coordinator (ECF No. 67-1 PageID.369).  But in an affidavit

7

attached to Penman's motion to dismiss, Miller states that he never received, signed, or responded to that grievance.[3]

Plaintiff also filed what appears to be fabricated evidence in two separate "offers of proof."  Both of these documents are unusual in both form and content.  In one, Plaintiff attaches what purports to be an email exchange between state court judges, dated "1/3/1019" (ECF No. 84).  In the email, the Chief Magistrate informs the Chief Judge of a wide-ranging conspiracy against Plaintiff that includes police officers and MDOC employees.  The Chief Magistrate alleges that a circuit court judge has accepted bribes to rule against Plaintiff in an attempt to protect Sean Combs.  In the other document, Plaintiff attaches what appears to be a communication between employees of the Detroit Police Department, apparently confirming the conspiracy between DPD and Combs.  The letterhead is, at best, unconventional and suspicious:

...+ D_etr̄oit Poli*ce DEp*artment, Homicide Section..⬚

(ECF No. 130).  And behind attempts to redact certain information, one can make out the telephone and fax numbers "(123) 456-7890" in one place and the word "Redacted" in another:

---

[3] Miller states that, despite his requirement to track grievances, he has no record of having ever received the grievance that Cardello-Smith filed as an exhibit.  He also states that the signature in the response is not his and that he did not provide the text in the response (ECF No. 87-3 Miller Aff.).  The absence of other identifying information also supports the inference that the document has been fabricated: the grievance lacks a "Date Received" and a "Grievance Identifier" (ECF No. 67-1 PageID.369).



REGINALD HARVEL, Sgt.
1300 Beaubien 9th Floor
Detroit, MI 48226
Tel: ▮▮▮▮▮▮▮▮▮
Fax: ▮▮▮▮▮▮▮▮▮

. . .

including the Parish "Tupac Shakur" Crooks Files, you will find Patrick Jackman' and ▮▮▮▮▮▮
Descriptions of the Los Angeles Police Departments Assistance with the files and Duane Davis notes

(*Id.*)

As additional evidence of bad faith, Plaintiff also appears to be using lawsuits to harass individual defendants.  In this district, Plaintiff has named Detective Penman as a defendant in eight of his civil actions and named her as a respondent in seven of his petitions.  Plaintiff has sued Sean Combs at least five times in this district.   Plaintiff has sued Deyana Unis, a former Wayne County Prosecutor, at least eight times.

Finally, the court notes that Plaintiff's restricted filer status has not deterred him from filing additional frivolous lawsuits.  In the last two years in this district, Plaintiff has started filing lawsuits on behalf of prisoners.  By way of example, Plaintiff filed two lawsuits in 2025 on behalf of thousands of prisoners and named, as defendants, all criminal court administrators, criminal district courts, criminal magistrates, criminal district court judges, prosecuting attorneys, state appellate defenders, and county executives.  *See Smith v. Unknown Parties*, No. 1:25-cv1256 (W.D. Mich 2025); *Smith v. People of the State of Michigan*, No. 2:25-cv-310 (W.D. Mich. 2025).  In *Smith v. People of the State of Michigan*, 2:26-cv-74 (W.D. Mich. 2026), plaintiff sued on behalf of himself and "the honorable women at the Huron Valley Women's Complex."

9

In light of the frivolousness of the Plaintiff's lawsuit, his vexatious litigation tactics, and his submission of likely fabricated documents, and his use of the court system to harass individuals, the court will impose sanctions similar to those imposed by Judge Levy in the Eastern District of Michigan.  This option was squarely presented in this lawsuit.  The Magistrate Judge makes that recommendation.  In her motion for sanctions, Defendant Penman asks this Court to adopt the same restrictions as the Eastern District of Michigan.

The court will not preclude Plaintiff from accessing the courts altogether.  The court is mindful that Plaintiff might have need to access the courts for claims with merit.  But, the court expressly cautions Plaintiff that continued abuse of the legal system may warrant additional sanctions, including monetary penalties.

To curtail Plaintiff's pattern of filing frivolous lawsuits and using the legal system to harass others, the court will require Plaintiff to first obtain leave of the court to file any civil action.  The Sixth Circuit Court of Appeals has approved similar filing restrictions to deter frivolous filers.  *See Sifuentes v. AT&T Mobility, LLC,* No. 24-1617, 2025 WL 2100723, at *1 (6th Cir. Mar. 19, 2025).

ORDER

Because Plaintiff filed a Rule 41(a) notice (ECF No. 120), the court **DISMISSES THIS ACTION WITH PREJUDICE.**

**IT IS FURTHER ORDERED** that all pending motions (ECF Nos. 30, 42, 48, 53, 58, 67, 76, 81, 87, 92-94, 103-04, 107, 110, 113, 120, 127, 131) and the Report and Recommendation (ECF No. 117) are **DISMISSED AS MOOT.**

**IT IS FURTHER ORDERED** that Plaintiff Derrick Lee Cardello-Smith, #267009, is **ENJOINED** from filing any new lawsuits in the Western District of Michigan without first obtaining leave of the court.

1.  If Derrick Lee Cardello-Smith, #267009, wishes to file any new lawsuit in the U.S. District Court for the Western District of Michigan, he must file a "Motion Pursuant to Court Order Seeking Leave to File A New Lawsuit."

2.  With the Motion, Smith must attach five exhibits:

   a.  A copy of the complaint he proposes to file;

   b.  A written statement acknowledging that the court has imposed filing restrictions. The statement must reference this lawsuit, *Cardello-Smith v. Michigan State Police Department*, No. 1:25cv823 (W.D. Mich. 2025), and must reference this Amended Order imposing sanctions;

   c.  A written declaration which he has prepared pursuant to 28 U.S.C. § 1746 or a sworn affidavit, certifying that (1) the complaint raises issues which hve never been previously raised by him in this or any other court or the complaint raises issues

11

previously raised but dismissed without prejudice, (2) the claim or issue is not frivolous, and (3) the proposed filing is not being filed in bad faith;

d. For each defendant in the proposed complaint, Smith must (1) identify any lawsuit he previously filed that named that defendant as a party and (2) provide a short summary of each claim brought against that defendant in the earlier lawsuit;

e. Smith must provide a list of every lawsuit he filed in any court that remains open and pending. The list must include (1) the complete caption for the lawsuit, (2) the court in which the lawsuit is pending, and (3) a list of the claims against each defendant.

3. When a submitting the Motion and the required attachments, Smith must pay filing fee or must submit a form requesting leave to proceed *in forma pauperis.*

4. Upon receipt of any proposed complaint from Smith, the Clerk shall promptly conduct an administrative review of the submitted documents.

a. If proposed complaint does not include the Motion identified in paragraph 1 and the five documents identified in paragraph 2, the Clerk shall reference this Order, and reject and return the documents to Smith. The Clerk must docket the documents received from Smith in an Orders Rejecting Not Linked to a Case (MC Case).

b. If the proposed complaint does include each of the documents listed in paragraphs 1 and 2 above, the Clerk must open a miscellaneous case using the documents received from Smith and assign the miscellaneous case to a Magistrate

Judge for review.  The Magistrate Judge shall determine whether the proposed complaint raises claims not previously resolved in a prior lawsuit.

i.  If the Magistrate Judge finds that the proposed complaint raises any claim previously litigated by Smith in any case, and also finds that any claim in the proposed complaint was found to be frivolous or dismissed with prejudice for any reason, the Magistrate Judge shall dismiss the miscellaneous case without prejudice through an order that identifies the previously litigated claim, the lawsuit in which Smith raised that claim, and this Order.

ii.  If the Magistrate Judge finds that the proposed complaint raises claims not previously resolved in a prior lawsuit, the Magistrate Judge must issue an order directing the Clerk to open a new civil action using the Motion and accompanying documents. If Smith did not pay the filing fee, the Magistrate Judge must make an initial review to determine if the proposed complaint survives Western District's "three-strikes rule."  If Smith did pay the filing fee  or if the Magistrate Judge determines that the proposed complaint survives the three-strikes rule, the Magistrate Judge must review the proposed complaint under 28 U.S.C. § 1915(e)(2)(B).

This is a final and appealable order.  With this order, the case is TERMINATED.

Dated: May 7, 2026                                    /s/ Paul L. Maloney
                                                               PAUL L. MALONEY
                                                               UNITED STATES DISTRICT JUDGE